COLLETT v. BRONX NAT. BANK.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 231.

BANKRUPTCY (§ 166*)—PREFERENCES—NOTICE OF INTENT TO PREFER.

Bankr. Act July 1, 1898, c. 541, § 60, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), provides that one gives a preference if, while insolvent, he makes a transfer of property within a specified time, which will enable the transferee to obtain a greater percentage of his debt than others of the same class, and if the transferee has reasonable cause to believe that the transfer will effect a preference, the trustee may avoid it. On November 16, 1910, the bankrupt, vice president of defendant bank, was arrested for obtaining a loan from a trust company on a forged certificate of the bank's stock. The bank's cashier examined the certificate and

informed the trust company that his signature was forged. He then asked the bankrupt, "What is the matter?" to which he refused to reply. and on the next day the cashier, in the bankrupt's presence, told the police magistrate that the signature to the certificate was forged, and the bankrupt again said nothing. The cashier owed the bankrupt $1,400, and on the next day the bankrupt requested the cashier to open an account with one R., deposit $150 to his credit, and apply the balance of the cashier's debt to the bankrupt's indebtedness to the bank, which was done. *Held*, that such facts charged the cashier with notice of the bankrupt's insolvency, and that the transfer was intended to give the bank a preference, which was recoverable by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250-253, 255-258; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Ralph M. Collett, as Trustee, against the Bronx National Bank to avoid a preferential payment. Judgment for complainant (200 Fed. 111), and defendant appeals. Affirmed.

J. H. Jones, of New York City, for appellant.

Sullivan & Cromwell and R. L. Collett, all of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an action in equity by the complainant, as trustee in bankruptcy of Charles Belling, to avoid a preferential payment alleged to have been made by the bankrupt to a creditor, the Bronx National Bank, defendant.

Section 60 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]) provides that one gives a preference if he is insolvent and makes a transfer of property within the specified time which will enable the transferee to obtain a greater percentage of his debt than others of the same class, and if the transferee has reasonable cause to believe that the transfer will effect a preference the trustee may avoid it.

November 16, 1910, the bankrupt, a vice president of the defendant bank, was arrested on the charge of obtaining a loan from the Knickerbocker Trust Company on a forged certificate for 25 shares of the bank's stock. Kolbe, the cashier of the bank, examined the certificate in question on that day and told the Trust Company that his signature thereto as cashier was forged. He asked Belling, "What is the matter?" and Belling replied, "I would rather not talk; I do not want to say anything." On the next day Kolbe, in Belling's presence, told the police magistrate that the signature on the certificate was not his, and Belling said nothing.

Kolbe owed Belling $1,400 and the next day, November 17th, Belling called him up on the telephone and asked him to open an account with one Rittenberg, and deposit $150 to his credit, and to apply the balance of $1,250 on account of his (Belling's) indebtedness to the bank. This Kolbe did.

We think that the knowledge which Kolbe, as cashier of the defendant, had November 16th, viz., that Belling had borrowed money on a forged certificate of the bank's stock and was unwilling to make any explanation, was imputable to the bank, and that it constituted reasonable cause to believe that Belling was insolvent. Such an act, and such conduct following it, are the clearest evidence of ruin and desperation. When, on the next day, Kolbe, at Belling's request, applied $1,250 of his indebtedness to Belling on account of Belling's indebtedness to the bank, it followed that the bank had reasonable cause to believe that such payment would give it a preference.

The District Judge rightly decided in favor of the complainant, and the decree is affirmed.